# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MELISSA REETZ, Individually and on Behalf of All Others Similarly Situated, | Case No.: 21-cv-20 |
| Plaintiff. | Hon. William E. Duffin |
| v. | |
| FIRST PORTFOLIO VENTURES I LLC | **JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| and | |
| FIRST FINANCIAL ASSET MANAGEMENT LLC, | |
| Defendants. | |

NOW COME Plaintiff Melissa Reetz ("Plaintiff"), by her attorneys and Class Counsel, Jesse Fruchter and Ben J. Slatky, Ademi LLP, and Defendants First Portfolio Ventures I, LLC ("FPVI"), and First Financial Asset Management, LLC ("FFAM," and together with FPVI, "Defendants"), by attorney Douglas M. Poland, Stafford Rosenbaum LLP, and for their Joint Motion for Preliminary Approval of Class Action Settlement state as follows:

1. This putative class action was brought by Plaintiff on her behalf and on behalf of all other persons similarly situated to Plaintiff.

2. Plaintiff's alleged claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA"), are based on a collection letter sent by Defendants to the Plaintiff and the Class.

3. Plaintiff moves the Court to certify a class of similarly situated individuals, and seeks to have the Court appoint Plaintiff as the Class Representative and Ademi LLP as Class Counsel.

4. Defendant has denied, and continues to deny, liability to the Plaintiff or any putative class for the claims alleged herein, but considers it desirable that the action and the claims alleged therein be settled.

5. The parties desire to settle the action based upon the terms and conditions set forth in the Class Settlement Agreement executed by the parties, attached hereto as <u>Exhibit A</u>.

6. For the purposes of settlement only, the parties have stipulated to the certification of the following class ("Class"):

> (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by FFAM, (c) stating that FFAM is licensed by the Division of Banking in Wisconsin, (d) seeking to collect a debt incurred for personal, family or household purposes, (e) between March 24, 2019 and March 24, 2020, inclusive, (f) that was not returned by the postal service.

The Class includes approximately 2,755 persons, according to Defendants' records. The proposed Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

7. Solely for the purposes of settlement, this motion for preliminary approval thereof, and to effectuate the proposed settlement, Defendants do not dispute that a class should be certified for settlement purposes only. Defendants also acknowledge that courts favor settlement of class action litigation. *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).

8. Class Counsel and Defendants have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and/or trial, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, and after arms-length negotiations, Plaintiff, on behalf of herself and the putative Class, and Defendants entered into the Class Settlement Agreement.

9. Pursuant to the Class Settlement Agreement, Plaintiff and Defendants agreed as follows:

(a) Defendants will establish a Common Fund of $100,000.00, to be administered as follows:

(i) <u>Relief to Plaintiff</u> – Plaintiff shall receive $3,000.00 as a combination of both her individual alleged damages and an incentive award for serving as class representative;

(ii) <u>Administration of Claims</u> – Defendants may use up to $3,000.00 of the common fund to pay a Third-Party Claims Administrator.

(iii) <u>Attorneys' Fees and Litigation Costs</u> – Subject to Court approval, Class Counsel will receive 35% of the Common Fund, or $35,000.00, for their fees and costs, including the costs of mailing the initial notice to the Class. Defendants will not oppose an award of counsel fees of up to $35,000.00 so long as all other provisions of this Agreement are approved;

(iv) <u>Relief to Class</u> – Those who return a claim form in a timely basis and do not exclude themselves shall receive a *pro rata* share of the remainder of the Common Fund, up to a maximum of $35.00 per claim; and

(b) <u>Class Notice</u> – Plaintiff will pay the cost of providing the initial notice to the Class and Defendants will pay costs of administration and mailing of settlement checks. Defendants may pay Third-Party Claims Administration costs not to exceed $3,000.00 from the Common Fund, with Defendants paying any additional costs of Third-Party Claims Administration that exceed $3,000.00 from outside the Common Fund. Either party may do either or both of these things itself internally, or through a third-party claims administrator and/or mailing service. Class

members shall have forty-five (45) days to opt-out or to object to the proposed settlement or to return a claim form.

(c) <u>Reversion of Unclaimed Funds</u> – Any portion of the Common Fund remaining after the Common Fund is administered in accordance with the Class Settlement Agreement, and any amount remaining after any Settlement Check(s) are returned undeliverable without a forwarding address or otherwise remain uncashed after one hundred twenty (120) days after issuance, will be reverted back to Defendants.

11. The Class Representative and Class Counsel believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement is fair, reasonable and adequate, and would be in the best interests of the Class.

WHEREFORE, Class Counsel and Defendants respectfully request that this Court enter an Order in the form of <u>Exhibit B</u> to this motion (the "Preliminary Approval Order"), which:

(i) Grants preliminary approval of the proposed settlement;

(ii) Directs the mailing of notice in the form of <u>Exhibit C</u> to this motion subject to any modification deemed necessary by the Court;

(iii) Appoints Melissa Reetz as Class Representative of the Class;

(iv). Appoints Jesse Fruchter and Ben J. Slatky and Ademi LLP as Class Counsel;

(v) Sets dates for class members to opt-out or to object or return a claim form;

(vi) Sets a time frame for Plaintiff to mail the initial class notice; and

(vii) Schedules a hearing for final approval, which will include consideration of an Order granting final approval of this Class Action Settlement (the "Final Order"), a proposed copy of which is attached hereto as <u>Exhibit D</u>.

| | |
|---|---|
| /s/ Jesse Fruchter | /s/ Douglas M. Poland |
| **ADEMI LLP** | **STAFFORD ROSENBAUM LLP** |
| Jesse Fruchter (SBN 1097673) | Douglas M. Poland |
| Ben J. Slatky (SBN 1106892) | State Bar No. 1055189 |
| 3620 East Layton Avenue | 222 West Washington Avenue, Suite 900 |
| Cudahy, Wisconsin 53110 | P.O. Box 1784 |
| Tel: 414-482-8000 | Madison, Wisconsin 53701-1784 |
| Fax: 414-482-8001 | Tel: (608) 256-0226 |
| jfruchter@ademilaw.com | dpoland@staffordlaw.com |
| | |
| *Counsel for Plaintiff and the Proposed Class* | *Counsel for Defendants* |