## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

MELISSA REETZ, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff.

    v.

FIRST PORTFOLIO VENTURES I LLC

    and

FIRST FINANCIAL ASSET
MANAGEMENT LLC,

        Defendants.

Case No.: 21-cv-0020-WED

Hon. William E. Duffin

## MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS, EXPENSES,  AND INCENTIVE AWARD

Melissa Reetz (hereinafter referred to as "Plaintiff") moves that the Court finally certify a proposed settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, and in support of such motion respectfully shows the following:

## 1. NATURE OF THE CASE

1.01.   Plaintiff is an individual consumer who allegedly became delinquent on his consumer debt. Defendants are entities that attempted to collect such debt from Plaintiff.  Plaintiff contends that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. ("WCA"). by mailing to Plaintiff a debt collection letter that falsely represented FFAM to be a Collection Agency licensed by the Division of Banking in the State of Wisconsin Department of Financial Institutions, in violation

1

of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(1), and 1692(e)(9), 1692(e)(10), and the WCA, Wis. Stat. § 427.104(1)(k.

1.02.    Defendants deny Plaintiff's allegations and assert that they have no liability under state or federal law to Plaintiff or the class she seeks to represent.

## 2. MOTION

2.01.    On February 25, 2021, after briefing and due consideration, the Court entered its order certifying the Settlement Class, approving notice to the Settlement Class, and granting preliminarily approval of the settlement set forth in the Settlement Agreement between Representative Plaintiff and Defendant. *See* Preliminary Approval Order (Dkt. No. 9).

2.02.    The Court certified the following Settlement Class:

all natural persons in the State of Wisconsin who were sent a collection letter by FFAM, stating that FFAM is licensed by the Division of Banking in Wisconsin, seeking to collect a debt incurred for personal, family or household purposes, between March 24, 2019 and March 24, 2020, inclusive, that was not returned by the postal service.

2.03.    Plaintiff moves that the Court find that the settlement agreement is fair, reasonable, and adequate, and in the best interest of the settlement class, grant final approval to the settlement, and enter the proposed Final Approval Order.

## 3. CLASS NOTICE AND NATURE OF SETTLEMENT

3.01.    On March 29, 2021, Plaintiff mailed out the Notice, addressed to 2,690 Settlement Class Members by first class mail, postage prepaid, with forwarding service requested. *See* Declaration of Ben J. Slatky ("Slatky Decl."), ¶3.  Prior to mailing, Defendant caused the addresses in the Class Member List to be updated using the National Change of Address database ("NCOA") maintained by the U.S. Postal Service.  As of June 14, 2021, 480 of these notices were returned as undeliverable without forwarding addresses, and the Plaintiff's counsel received 144 Notice

Packages returned by the U.S. Postal Service with forwarding addresses, which the Plaintiff's counsel re-mailed to the updated addresses. Slatky Decl., ¶ 4. Therefore, individual notice reached a sufficient number of potential Settlement Class Members to satisfy due process concerns.

3.02.    The Settlement provides substantial benefits to the Class (as defined herein), which is a Class for settlement purposes only, and is fair, reasonable, and adequate in light of the relevant facts, the applicable law, and the potential value of the settlement to the Class.

3.03.    The settlement provides cash benefits of up to a maximum amount of $35.00 to each Settlement Class Member who submitted a timely claim form (cash benefits up to $35.00 would also be provided to each Settlement Class Member, if late or incomplete claim forms are deemed valid by the Court).  No class member excluded themselves from the settlement and no class member filed an objection.  Slatky Decl. ¶ 5 and Merryman Decl. ¶ 8.

3.04.    Each Settlement Class Member who submitted a claim form will receive a pro rata share of the common fund up to $35.00, which is a substantial recovery in a class settlement seeking statutory damages under consumer protection statutes like the FDCPA and WCA; courts in this District have approved similar and smaller amounts on many occasions.  *See, e.g.*, *Voeks v. Patenaude & Felix, A.P.C.,* Case No. 18-cv-01393, Order signed on October 5, 2020 (Dkt. No. 43) ($83.33 per class member); *Beaufrand v. Encore Receivable Management, Inc.,* Case No. 17-cv-721, Order signed March 4, 2019 (Dkt. No. 49) ($275 per class member); *Sievert v. Alltran Financial, LP,* Case No. 16-cv-1309, Order signed September 19, 2018 (Dkt No. 57) ($275 per class member); *Brace v. NCC Business Services,* 17-cv-345, (Final Order on Class Action Settlement) (Dkt. No. 27) (E.D. Wis. June 6, 2018) ($90 per class member); *Tesch v. Dynamic Recovery Solutions, LLC*, 17-cv-263, (Final Order on Class Action Settlement) (Dkt. No. 27) (E.D. Wis. Dec. 21, 2017) ($78.08 per class member); *Cervantes v. RCS Recovery Services,* 15-cv-112,

(Final Order on Class Action Settlement) (Dkt. No. 45) (E.D. Wis. May 26, 2016) ($200.00 per class member); *Baker v. Credit Control, LLC,* 15-cv-303, (Final Order Approving Class Action Settlement) (Dkt No. 38) (E.D. Wis. May 26, 2016) ($194.17 per class member); *Kelm v. First Associates Loan Servicing, LLC,* 15-cv-500 (Final Order and Judgment Approving Class Action Settlement) (Dkt. No. 33) (E.D. Wis. June 1, 2016) ($28.98 per class member); *Oravecz v. Cavalry Portfolio Services, LLC, et al.,* 14-cv-1126-LA, (Final Order on Class Action Settlement) (Dkt. No. 31) (E.D. Wis. Oct. 29, 2015) ($149.77 per class member); *Oravecz v. Action Financial Services, LLC*, 14-cv-1124-WED, (Final Order on Class Action Settlement) (Dkt. No. 36) (E.D. Wis. June 30, 2015) ($79.37 per class member); *Paddock v. Fay Servicing, LLC*, No. 14-cv-454-JPS, slip op at 2 (Final Order On Class Action Settlement) (E.D. Wis. Mar. 25, 2015) ($100.00 per class member); *Decker v. Cavalry Portfolio Services, LLC*, No. 13-cv-399-RTR, slip op. at 3 (Final Order On Class Action Settlement) (Dkt. No. 21) (E.D. Wis. Jan. 14, 201) ($44.94 per class member; *Ihde et al. v. The CBE Group, Inc.*, No. 12-cv-906-LA, Final Order Approving Class Action Settlement (Dkt. No. 32) (E.D. Wis. Dec. 2, 2013) ($85.11 per class member); *Schulz v. Rushmore Service Center, LLC,* No. 13-cv-105-LA, Final Order and Judgment Approving Class Action Settlement (Dkt. No. 24) (E.D. Wis. Aug. 28, 2013) ($36.63 per class member); *Waliszewski v. Amsher Collection Services, Inc.*, No. 05-cv-942-PJG, 2006 U.S. Dist. LEXIS 97770 at *2 (E.D. Wis. Nov. 9, 2006) ($43.48 per class member); *Hohler v. Ameristar Financial Servicing Company LLC*, No. 05-cv-568-PJG (E.D. Wis., April 26, 2006) ($26.74 per class member); *Berther*, 2007 U.S. Dist. LEXIS 44500 at *8-10 ($10 per class member); *Ewald v. West Asset Management, Inc.*, No. 05-cv-1320-CNC (E.D. Wis. Oct. 26, 2007) ($75 per class member); *Seeger*, 2007 U.S. Dist. LEXIS 22824 at *20 ($22.28 per class member); *Schneider v. TSYS Total Debt Mgmt.*, No. 06-cv-345-WEC (E.D. Wis. Nov. 9, 2007) ($10 per class member); *Socha v. OSI*

4

*Collection Services, Inc.*, No. 05-cv-572 (E.D. Wis. Jan. 22, 2008) ($20.49 per class member);

*Radaj v. ARS National Services, Inc.*, No. 05-cv-773-CNC (E.D. Wis. Apr. 24, 2008) ($8.71 per

class member); *Wanty v. Messerli & Kramer PA*, No. 05-cv-350-JPS (E.D. Wis. Jun. 5, 2008)

($26.18 per class member); *Muha v. Encore Receivable Management Inc.*, No. 05-cv-940-JPS

(E.D. Wis. July 27, 2010) ($23.36 per class member); *Bernal v. Corestar Financial Group*, No.

06-cv-9-LA (E.D. Wis. Aug. 21, 2007) ($25.00 per class member in a Fair Credit Reporting Act,

15 U.S.C. § 1681 et seq. ("FCRA") settlement).

     3.05.    An analysis of the factors outlined by the Seventh Circuit in *Synfuel Technologies.,*

*Inc. v. DHL Express (USA) Inc.*, 463 F.3d 646 (7th Cir. 2006), illustrates that the settlement is fair,

reasonable, and adequate, and that it should be finally approved.

     3.06.    Plaintiff's participation and willingness to undertake the responsibilities and risks

attendant with bringing this class action warrant that he be awarded the proposed individual

incentive award of $3,000.00. Settlement Agreement at ¶ 11(d). This amount, as well as

greater amounts, has been approved in similar FDCPA actions. *See, e.g.*, *Voeks v. Patenaude*

*& Felix, A.P.C.,* Case No. 18-cv-01393, (Final Order on Class Action Settlement at 4,i); *Beaufrand*

*v. Encore Receivable Management, Inc.,* Case No. 17-cv-721, (Final Order on Class Action

Settlement); *Tesch v. Dynamic Recovery Solutions, LLC*, 17-cv-263, (Final Order on Class Action

Settlement); *Cervantes v. RCS Recovery Services,* 15-cv-112, (Final Order on Class Action

Settlement at 4,ii) (E.D. Wis. May 26, 2016); *Baker v. Credit Control, LLC,* 15-cv-303, (Final

Order Approving Class Action Settlement at 4,i) (E.D. Wis. May 26, 2016); *Donnelly v.*

*EquityExperts.org, LLC*, 2015 U.S. Dist. LEXIS 8240, at *9 (E.D. Mich. Jan. 14, 2015); *Wess v.*

*Storey*, 2011 U.S. Dist. LEXIS 41050, at *7 (S.D. Ohio Apr. 14, 2011); *Durham v. Cont'l Cent.*

*Credit, Inc.*, 2011 U.S. Dist. LEXIS 58684, at *5 (S.D. Cal. June 2, 2011) ($3,000 incentive award

plus $1,000 statutory damages); *Rosenau v. Unifund Corp.*, 646 F. Supp. 2d 743, 755 (E.D. Pa. 2009); *Henderson v. Eaton*, 2002 U.S. Dist. LEXIS 20840, at \*18 (E.D. La. Oct. 25, 2002) ("when the incentive compensation falls in the modest range of $ 2,000 to $ 3,000, it is generally held unnecessary to consider the amount of time and money spent in the litigation and other circumstances relating to costs.").

3.07.    Furthermore, Representative Plaintiff's requests for an award of attorneys' fees and costs, in the amount of $35,000.00, are reasonable, as illustrated by an analysis of the factors set forth in *Taubenfeld v. Aon Corp.,* 415 F.3d 597 (7th Cir. 2005), and *Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998); *see also* 15 U.S.C. § 1692k(a)(1)(A).

3.08.    Several Courts in this District have recently found Class Counsel's hourly rates, time expended, and expenses to be reasonable. *See Voeks v. Patenaude & Felix, A.P.C.,* Case No. 18-cv-01393, (Final Order on Class Action Settlement); *Liptai v. Spectrum Brands Holdings, Inc.*, No. 18-cv-321 (Cir. Ct. Dane Cnty. Mar. 3, 2019); *Beaufrand v. Encore Receivable Management, Inc.,* Case No. 17-cv-721, (Final Order on Class Action Settlement); *Sievert v. Alltran Financial, LP,* Case No. 16-cv-1309, (Final Order on Class Action Settlement); *Brace v. NCC Business Services,* 17-cv-345, (Final Order on Class Action Settlement); *Tesch v. Dynamic Recovery Solutions, LLC*, 17-cv-263, (Final Order on Class Action Settlement); *Cervantes v. RCS Recovery Services,* 15-cv-112, (Final Order on Class Action Settlement at 8); *Baker v. Credit Control, LLC,* 15-cv-303, (Final Order Approving Class Action Settlement at 8); *Kelm v. First Associates Loan Servicing, LLC,* 15-cv-500 (Final Order and Judgment Approving Class Action Settlement at 8); *Oravecz v. Cavalry Portfolio Services, LLC, et al.,* 14-cv-1126-LA, (Final Order on Class Action Settlement at 3); *Oravecz v. Action Financial Services, LLC*, 14-cv-1124-WED, (Final Order Approving Class Action Settlement at 4); *Paddock v. Fay Servicing, LLC*, No. 14-cv-454-JPS, slip

op at 2 (Final Order On Class Action Settlement at 4); *Decker*, No. 13-cv-399-RTR, slip op. at 3; *Ihde et al. v. The CBE Group, Inc.*, No. 12-cv-906-LA, Final Order Approving Class Action Settlement (Dkt. No. 32) (E.D. Wis. Dec. 2, 2013); *Rushmore Service Center, LLC,* No. 13-cv-105-LA, Final Order and Judgment Approving Class Action Settlement, at 3 (E.D. Wis. Aug. 28, 2013); *Lozano v. J.A. Cambece Law Office, P.C.*, No. 12-cv-709, slip op. at 5 (E.D. Wis. Apr. 25, 2013) (Final Order and Judgment on Class Action Settlement); *Simic v. J.C. Christensen & Assoc., Inc.*, No. 12-cv-226-NJ, slip op. at 3 (E.D. Wis. Feb. 1, 2013); *Puskala v. Koss Corporation*, No. 10-cv-41-LA (E.D. Wis. July 10, 2012); *Love v. Home Loan Center Inc.*, No. 09-CV-9598 (Milwaukee Cnty. Cir. Ct. May 25, 2011); *Schultz v. Tomotherapy Inc.*, No. 08-cv-314-SLC (W.D. Wis. Mar. 22, 2011); *In re: Metavante Technologies, Inc. Shareholder Litigation*, No. 09-CV-5325 (Milwaukee Cnty. Cir. Ct. Apr. 14, 2010).

3.09. Upon confirmation of the settlement at the Final Fairness Hearing the final order will release Defendants of all liability to the Class for the Released Claims and will enjoin Class Members from pursuing or filing suit upon the Released Claims.

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court enter an Order:

1. finding that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of the Settlement Class, granting final approval to the settlement, and entering the proposed Final Approval Order;

2. granting Representative Plaintiff's request for attorneys' fees and reasonable costs and expenses in the amount of $35,000.00; and an incentive award for Representative Plaintiff in the amount of $3,000; and;

7

3.      granting such other and additional relief as the Court may deem just and

appropriate.

Movants further pray for all such other and further relief, both at law and in equity, as to

which they may be justly entitled.


Date: June 14, 2021                                    Respectfully submitted,

                                                       /s/ Ben J. Slatky
                                                       Ben J. Slatky
                                                       Jesse Fruchter

                                                       ADEMI LLP
                                                       3620 E Layton Ave
                                                       Cudahy, Wisconsin 53110
                                                       Tel: 414-482-8000
                                                       Fax: 414-482-8001
                                                       bslatky@ademilaw.com
                                                       jfruchter@ademilaw.com

                                                       *Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing

Motion has been served on Defendants' attorney through the Court's ECF system, on this 14th

day of June, 2021.

/s/    Ben J. Slatky
Ben J. Slatky
Email: bslatky@ademilaw.com
Ademi & O'Reilly LLP
3620 E Layton Ave
Cudahy, WI 53110
414-482-8000
Fax: 414-482-8001
ATTORNEYS FOR PLAINTIFF

9